UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TVARRIA DeSHAWN COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>J. BILLS, et al..<br><br>Defendants. | No. 2:19-cv-1897 DB P<br><br><br>ORDER TO SHOW CAUSE |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. Plaintiff states in his complaint that he has not exhausted his administrative remedies before filing this action. Accordingly, this court must dismiss the complaint unless plaintiff can show he should be excused from exhaustion. Plaintiff will be given an opportunity to make that showing.

**SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

**EXHAUSTION**

Plaintiff is a prisoner at California State Prison-Sacramento. He alleges claims for retaliation, violation of the right to marry, and failure to protect. Plaintiff states in his complaint that he did not submit requests for administrative relief on any of his claims because of "28 U.S.C. § 1343." (ECF No. 1 at 3, 4, 5.)

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Supreme Court has established the guidelines for assessing whether a prisoner's administrative remedies were unavailable. "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)).

There are only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, 136 S. Ct. at 1859. These circumstances are as follows: (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme ... [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations and internal punctuation omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Id. at 1856-57.

////

1   Plaintiff is advised that 28 U.S.C. § 1343 does not provide an exception to the exhaustion requirement. Rather, section 1343 simply provides for the jurisdiction of this court to consider federal civil rights actions. It has no relevance to plaintiff's duty to exhaust his administrative remedies before filing a suit under 42 U.S.C. § 1983 in this court.

  Pursuant to the legal standards for exhaustion, plaintiff's concession that he did not exhaust his administrative remedies requires dismissal of this action unless plaintiff can plausibly demonstrate that administrative remedies were effectively unavailable to him. Plaintiff will be accorded leave to file a statement showing that his failure to exhaust meets one of the exceptions identified in <u>Ross</u>. If plaintiff is unable to make that showing, this court must recommend dismissal of this action.

  For the foregoing reasons, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall file either (1) a statement demonstrating that he meets one of the exceptions to the exhaustion requirement set out in <u>Ross</u>; or (2) a notice that he is dismissing this case.

Dated: November 1, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/cole1897.exh osc